Mathew K. Higbee, Esq.
California Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
N. Las Vegas, NV 89032
(714) 617-8350
(714) 597-6559 facsimile
Email: mh@higbee.law

*Attorney for Plaintiff,*
Julia Noni

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| JULIA NONI, <br><br> *Plaintiff,* <br><br> v. <br><br> SHEN GENERATION LLC; ALEXANDRIA CHENG, individually; and DOES 1 through 10 inclusive, <br><br> *Defendants*. | Case No. 2:26-cv-2183 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff, Julia Noni, by and through his undersigned counsel, brings this Complaint against Defendants Shen Generation LLC.; Alexandria Cheng; and DOES 1 through 10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

## PARTIES

2. Plaintiff Julia Noni ("Noni") is an individual and professional photographer residing in Paris, France.

3. Upon information and belief, Defendant Shen Generation LLC ("Shen Generation") is a limited liability company organized and existing under the laws of

1

the state of California with its principal place of business at 686 E. Las Flores Drive, Altadena, California 91001.

4. Upon information and belief, Defendant Alexandria Cheng ("Cheng") is an individual residing and/or transacting business in the state of California and is the principal owner of Defendant Shen Generation.

5. The true names and capacities of Defendants Does 1 through 10, inclusive are presently unknown to Plaintiff, and for that reason, Plaintiff sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

6. For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendants named in this caption.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

8. This court has personal jurisdiction over Defendants because, as alleged herein, Defendants have a physical presence in the state of California and/or they transact business in the state of California and within this judicial district and division.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States and Defendants or their agent reside in or can be found in this judicial district.

## **FACTUAL ALLEGATIONS**

### *Plaintiff Julia Noni*

10. Plaintiff Noni is a successful commercial photographer and director.

11. Noni's photographic and directorial works are published in several top publications including *GQ, Harper's Bazaar, Vogue Germany, British Vogue*, and *Rouge Fashion Book*. Additionally, her photography and videography have been used commercially for clothing companies and makeup brands such as Chanel, Fenty Beauty, Ulla Johnson, Mont Blanc, Lanvin, Dior, and Mango.

12. Plaintiff Noni licenses her work for a fee

13. Plaintiff Noni's livelihood depends on receiving compensation for the photographs she produces.

14. The value of the work Plaintiff Noni creates is devalued when others copy and profit from that work without her permission.

15. The copyright protection afforded to Plaintiff Noni's work is intended to deter would-be infringers from copying and profiting from her work without permission.

16. Noni is the sole author and exclusive rights holder to an original close-up beauty photograph of two women in matching bathing suits with their arms interlocked ("Noni Photograph").

17. Attached hereto as Exhibit A is a true and correct copy of the Noni Photograph.

18. Noni registered the Noni Photograph with the United States Copyright Office with the File Name TRU1963651 under Registration Number VA 2-236-151 with an effective date of December 22, 2020.

19. Attached hereto as Exhibit B is a true and correct copy of Registration Number VA 2-236-151.

### *Defendants Shen Generation LLC and Alexandria Cheng*

20. Upon information and belief, Defendant Shen Generation is a business offering advanced massage therapy using their "signature hands-on method" to blend "structural alignment, cranial dynamic, and somatic awareness to bring the body back into coherence." *See* the Treatment Services section at https://shengeneration.com/.

21. Upon information and belief, and at all relevant times, Defendant Cheng is, or was, the principal officer, owner, or member of Defendant Shen Generation.

22. Upon information and belief, and at all relevant times, Defendant Shen Generation and/or Defendant Cheng controlled and managed the website https://shengeneration.com/ ("Shen Generation Website") which provides information about the services Defendant Shen Generation offers and where and where customers can request an appointment for Shen Generation's services.

23. Upon information and belief, Defendants Shen Generation and Cheng generate content on the Shen Generation Website for commercial purposes, specifically to attract user traffic to the Shen Generation; to market, promote, and sell Shen Generation' services; and to increase Shen Generation's customer base and revenue.

24. At all relevant times, Defendants Shen Generation and Cheng had the ability to supervise and control all content on the Shen Generation Website.

25. At all relevant times, Defendants Shen Generation and Cheng had a direct financial interest in the content and activities of the Shen Generation Website (including the activities alleged in this Complaint).

26. At all relevant times, the Shen Generation Website was readily accessible to the general public throughout California, the United States, and the world.

27. At all relevant times, the Defendants named in this Complaint (including Shen Generation and Cheng) were acting as agents and alter egos for each other, with respect to the activities alleged in this Complaint, and are thus each jointly, severally,

and personally liable for the debts and liabilities of each other, with respect to the activities alleged in this Complaint

### *Defendants Willful, Unauthorized Use of the Noni Photograph*

28. On or about September 18, 2024 Plaintiff Noni discovered her Noni Photograph being used by Shen Generation on the Shen Generation Website as the headline photograph to promote its detoxification services.

29. Attached hereto as Exhibit C is a true and correct screenshot of the Noni Photograph as used on the Shen Generation Website.

30. Plaintiff Noni did not grant Defendants a license, permission, or authorization to use, make a copy of, or publicly display the Noni Photograph on the Shen Generation Website.

31. Upon information and belief, Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Noni Photograph and caused the Noni Photograph to be uploaded to and displayed on the Shen Generation Website.

32. Upon information and belief, the purpose of the use of the Noni Photograph on the Shen Generation Website was to couple high-quality and aesthetically pleasing visual content, via a professionally produced photograph, with textual content to enhance the overall visual presentation of the Shen Generation Website to a level that would meet Defendants marketing goals, present Defendants as credible, and entice users to purchase services from Shen Generation.

33. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public Plaintiff Noni's original and unique Noni Photograph for commercial purposes to promote Shen Generation's services and to acquire a direct financial benefit from use of the Noni Photograph, including the financial benefit of the cost saved by using the Noni Photograph without paying a licensing fee.

34. After discovering the unauthorized use of the Noni Photograph, Plaintiff Noni, through her counsel Higbee & Associates ("H&A"), sent cease and desist correspondence to Defendants including a demand for damages.

35. Defendants sent email correspondence to H&A and advised that they had removed the Noni Photograph from the Shen Generation Website, but the parties were unable to resolve the issue of lost licensing fees for the unauthorized use of the work.

36. Defendants willfully infringed upon Plaintiff Noni's rights in her Noni Photograph because, *inter alia*, Defendants knew they did not create or own the Noni Photograph and knew, or should have known, they did not have a legitimate license, permission, or authorization from Plaintiff Noni to use the Noni Photograph on the Shen Generation Website.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101, *et seq.*

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Plaintiff owns a valid copyright in the Noni Photograph.

39. Plaintiff registered the Noni Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

40. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Noni Photograph and displayed Plaintiff's unique and original Noni Photograph without Plaintiff's consent or authorization in violation of 17 U.S.C. § 501.

41. Plaintiff is informed and believes and thereon alleges that Defendants willfully infringed upon Plaintiff's rights in Plaintiff's copyrighted Noni Photograph in violation of Title 17 of the U.S. Code.

42. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff has sustained significant injury and irreparable harm.

43. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), or at Plaintiff's election, statutory damages, pursuant to 17 U.S.C. § 504(c).

44. As a result of Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

## DEMAND FOR JURY TRIAL

45. Plaintiff Noni, hereby demands a trial by jury in the above-captioned matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Plaintiff's copyright interest in the Noni Photograph by copying and displaying it without a license or consent;
- For a finding that Defendants' conduct was willful;
- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);
- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;
- For pre-judgment and post-judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: March 2, 2026 | Respectfully submitted, |
| 2 | | **/s/ Mathew K. Higbee** |
| | | Mathew K. Higbee, Esq. |
| 3 | | California Bar No. 241380 |
| | | **HIGBEE & ASSOCIATES** |
| 4 | | 3110 W. Cheyenne, Suite 200 |
| 5 | | N. Las Vegas, NV 89032 |
| | | (714) 617-8350 |
| 6 | | (714) 597-6559 facsimile |
| | | mhigbee@higbee.law |
| 7 | | *Attorney for Plaintiff* |